**LINBECK CONSTRUCTION CORPORATION, as Managing Venturer, as Managing Venturer of Linbeck/Con–Real/Russell Joint Venture, Appellant**

v.

**CITY OF GRAND PRAIRIE, Appellee.**

No. 05–08–00650–CV.

Court of Appeals of Texas, Dallas.

Aug. 11, 2009.

Rehearing Overruled Sept. 23, 2009.

James K. Peden, III, Toni Reed, Martha C. Coleman, Strasburger & Price, P.C. Dallas, TX, for appellant.

David C. Myers, Jackson & Walker L.L.P., Dallas, TX, for appellee.

Before Justices O'NEILL, BRIDGES, and FITZGERALD.

## OPINION

Opinion By Justice FITZGERALD.

This case involves whether governmental immunity protects a city from a suit to foreclose a mechanic's lien on city-owned property. Linbeck Construction Corporation, as managing venturer of Linbeck/Con–Real/Russell Joint Venture, brings this interlocutory appeal from the trial court's order granting in part the City of Grand Prairie's plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon 2008). Linbeck asserts four issues contending the trial court erred in granting the plea to the jurisdiction. We affirm the trial court's order.

## BACKGROUND

In 2000, Texas NextStage, LP began development of an entertainment facility in Grand Prairie, and it contracted with Linbeck to construct part of the facility. In 2001, while construction was ongoing, the City agreed to buy the facility from Texas

NextStage when the facility was substantially completed. In January 2002, Texas NextStage certified that construction was substantially completed, and the City bought the property. Texas NextStage also certified to the City that all project costs had been paid in full or that money was reserved to pay the costs. Construction on the facility continued after the sale.

In March and July 2002, Linbeck submitted payment applications to Texas NextStage, and on July 16, 2002, Linbeck filed the paperwork for a mechanic's lien in the amount of $2,984,482. Texas NextStage declared bankruptcy and never ·paid Linbeck. In August 2002, Linbeck filed this suit for judicial foreclosure of its mechanic's lien. In September 2002, the City obtained a bond from RLI Insurance Company for the amount of the mechanic's lien. Under section 53.171 of the Texas Property Code, the filing of the bond prescribed by the statute discharges the mechanic's lien. TEX. PROP.CODE ANN. § 53.171 (Vernon 2007). The bond stated that the City and RLI promised to pay Linbeck or its successor or assign "any amount which a court of competent jurisdiction finds would ... have constituted a valid and enforceable lien against the Property" if the lien had not been discharged by section 53.171. The City pleaded governmental immunity.

Linbeck filed an amended petition adding RLI as a defendant. In the amended petition, Linbeck sought a declaratory judgment against the City and RLI "regarding the legal effect of the bond, if any, under the Texas Property Code, and the resulting impact, if any, upon the Mechanic's and Materialman's Lien of Plaintiff," a claim against only the City for foreclosure of the mechanic's and materialman's lien, a claim against only RLI for foreclosure and collection on the bond, a claim against the City and RLI for attorney's fees under the property code and the Uniform Declaratory Judgments Act, and claims against only the City for unjust enrichment, inverse condemnation, and takings. In its prayer, Linbeck requested a declaratory judgment "regarding the legal effect of the filing of the bond," judgment decreeing that Linbeck has a lien on the property for the amount due Linbeck plus costs and attorney's fees, an order of foreclosure of the lien and the sale of the property directing the proceeds be applied against the judgment on the lien; or, alternatively, foreclosure of the bond; or judgment against the City for damages in the amount of the lien and judgment against the City and RLI for Linbeck's costs and attorney's fees.

The City filed a plea to the jurisdiction asserting governmental immunity from suit deprived the court of jurisdiction over Linbeck's claims against the City. The trial court granted the plea to the jurisdiction as to the claims for declaratory judgment, foreclosure of the mechanic's and materialman's lien, attorney's fees, and unjust enrichment, and the court dismissed them for want of jurisdiction. The trial court denied the plea to the jurisdiction as to the claims for inverse condemnation and takings, and those claims remain pending in the trial court.

On appeal, Linbeck challenges the grant of the plea to the jurisdiction as to the claims for foreclosure of the mechanic's and materialman's lien, declaratory judgment, and attorney's fees. Linbeck does not challenge the grant of the plea to the jurisdiction on its claim of unjust enrichment. The City did not appeal the denial of the plea to the jurisdiction on the claims for inverse condemnation and takings.

## STANDARD OF REVIEW

 Governmental immunity from suit defeats the trial court's subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of*

*Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225–26 (Tex.2004). We review the trial court's ruling on a plea to the jurisdiction under a de novo standard. *Miranda,* 133 S.W.3d at 228. If the plea challenges the sufficiency of the claimant's pleadings, the trial court must construe the pleadings liberally in the claimant's favor and deny the plea if the claimant has alleged facts affirmatively demonstrating jurisdiction to hear the case. If the pleadings are insufficient, the court should afford an opportunity to replead if the defects are potentially curable but may dismiss if the pleadings affirmatively negate the existence of jurisdiction. *Id.* at 226–27.

## FORECLOSURE OF MECHANIC'S AND MATERIALMAN'S LIEN

■ In its first issue, Linbeck asserts the trial court erred in granting the City's plea to the jurisdiction as to the claim for foreclosure of the mechanic's and materialman's lien. Governmental immunity exists to protect the government from lawsuits and liability for money damages. *Mission Consolidated Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 655 (Tex.2008); *Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371, 374 (Tex.2006). "Such lawsuits 'hamper governmental functions by requiring tax resources to be used for defending lawsuits and paying judgments rather than using those resources for their intended purposes.'" *Garcia,* 253 S.W.3d at 655 (quoting *Reata Constr. Corp.,* 197 S.W.3d at 375).

■ Linbeck argues governmental immunity does not apply to its claim for foreclosure of its lien because it did not seek money damages but merely enforcement of its security interest. In its reply brief, Linbeck concedes it seeks a monetary judgment against the City, but it stresses it does not seek to impose a judgment for money damages on the City. We

disagree that a suit for foreclosure of property owned by a government is not, for governmental immunity purposes, the equivalent of a suit for money damages against the governmental entity. In both cases, the plaintiff seeks money through an order from a court. In the regular suit for damages against the governmental entity, the plaintiff seeks a judgment requiring the government to pay the plaintiff a particular sum. The plaintiff can then use the collection methods prescribed by law to force the governmental entity to pay the amount owed, and the governmental entity can decide the source of the funds to be used to pay the debt, including tax revenues or the sale of property. In the judicial lien-foreclosure case, the plaintiff seeks a court order for payment of a particular sum, and if the governmental entity does not voluntarily pay the amount ordered, the plaintiff may force the sale of a particular piece of property to pay the amount ordered. The end result sought by the plaintiff in both cases is the same: the governmental entity must pay the plaintiff money. The fact that in the foreclosure case the plaintiff has the right to force the sale of a particular piece of property to discharge the debt does not adequately distinguish it from a suit expressly for money damages.

Linbeck argues the Texas Supreme Court has allowed the enforcement of liens on personal property owned by governmental entities. In *Motor Investment Co. v. City of Hamlin,* 142 Tex. 486, 179 S.W.2d 278 (1944), the city purchased a fire truck that was subject to a lien noted on the certificate of title, but the city had no actual knowledge of the lien when it purchased the vehicle. *Id.* at 488, 179 S.W.2d at 279–80. The court applied the Certificate of Title Act and concluded the city was subject to the lien. *Id.* at 489, 179 S.W.2d at 280. However, the opinion con-

tains no discussion of governmental immunity, and it appears the issue was neither considered nor raised. *See generally id.; see also City of Hamlin v. Motor Inv. Co.,* 177 S.W.2d 101 (Tex.Civ.App.-Dallas 1943), *rev'd,* 142 Tex. 486, 179 S.W.2d 278 (1944). Thus, it provides no guidance on this issue. Moreover, the Texas Property Code contains protection for the government's ownership of real property. Section 43.002 of the property code provides that "the real property of the state . . . and the real property of a political subdivision of the state are exempt from attachment, execution, and forced sale." TEX. PROP.CODE ANN. § 43.002 (Vernon 2008); *see Tex. S. Univ. v. Cape Conroe Prop. Owners Ass'n, Inc.,* 245 S.W.3d 626, 634 (Tex.App.-Beaumont 2008, no pet.) (section 43.002 "invalidates a lien and voids a judgment"). *City of Hamlin* does not resolve the issue of whether governmental immunity applies to a suit to foreclose a mechanic's lien on property now owned by a governmental entity.

Linbeck also cites to cases from other states that have upheld liens on government property, but none of those cases involved a claim of sovereign or governmental immunity. Also, the rulings of other states do not affect the determination that Linbeck's suit to foreclose the mechanic's lien is the equivalent of a suit for money damages.

We conclude the trial court did not err in granting the City's plea to the jurisdiction to Linbeck's suit for judicial foreclosure of its mechanic's lien. We overrule Linbeck's first issue.

### WAIVER OF IMMUNITY BY COUNTERCLAIM

█ In its second and third issues, Linbeck asserts the trial court erred by granting the City's plea to the jurisdiction because the City waived its immunity by filing a counterclaim. The City filed a counterclaim against Linbeck but later nonsuited it. Linbeck argues the filing of the counterclaim waived the City's governmental immunity and that subject matter jurisdiction, once established, cannot be defeated by subsequent events. This Court rejected that position in *City of Dallas v. Albert,* 214 S.W.3d 631 (Tex. App.-Dallas 2006, pet. filed).

In *Reata Construction Co. v. City of Dallas,* the supreme court held that a governmental entity's claim for affirmative relief waives its immunity to suit to opposing claims that are germane to, connected with and properly defensive to the government's claims, but only to the extent of offsetting whatever relief the government obtains. *Reata Constr. Corp.,* 197 S.W.3d at 377. When the City filed its counterclaim against Linbeck, it may have waived its immunity from suit to the extent of offsetting any recovery. However, when it nonsuited its claim against Linbeck, there was no longer any amount to be offset. Thus, Linbeck's claims could not be not germane to, connected with, or properly defensive of any existing claim of the City, and the City's immunity from suit was restored. *See Albert,* 214 S.W.3d at 635–36.

We conclude the trial court did not err in determining that the City's immunity to suit was not waived by its filing a counterclaim against Linbeck that it later nonsuited. We overrule Linbeck's second and third issues.

### DECLARATORY JUDGMENT

█ In its fourth issue, Linbeck contends the trial court erred by granting the City's plea to the jurisdiction on Linbeck's declaratory judgment action. Under the Uniform Declaratory Judgments Act, persons "affected by a statute, municipal ordinance, contract, or franchise may have de-

termined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM.CODE ANN. § 37.004 (Vernon 2008). A declaratory judgment action against the government seeking a declaration of a party's rights and status under a statute is not barred by governmental immunity. *See Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 859–60 (Tex.2002). However, governmental immunity bars suits for declaratory judgment seeking a declaration of the government's liability for money damages. *Id.* (party sought declaration that government owed party more money). When the only injury alleged is in the past and the only plausible remedy is an award of money damages, the declaratory judgment claim is barred. *See City of Houston v. Williams*, 216 S.W.3d 827, 829 (Tex.2007) (per curiam); *Bell v. City of Grand Prairie*, 221 S.W.3d 317, 325 (Tex.App.-Dallas 2007, no pet.).

In this case, Linbeck's injury is in the past—the failure to be paid timely for its work on the property. The issue, then, is whether the only plausible remedy is an award of damages. Linbeck's declaratory judgment action requests a declaration "regarding the legal effect of the bond, if any, under the Texas Property Code, and the resulting impact, if any, upon the Mechanic's and Materialman's Lien of Plaintiff." In this case, the remedies Linbeck seeks are a judgment decreeing it has a lien on the property for the amount due it, foreclosure on the bond or alternatively foreclosure of the mechanic's lien on the property, and if foreclosure of the bond or lien is not possible, then judgment against the City for money damages in the amount of the lien. As this list of remedies shows, Linbeck seeks money from the City, either directly through an award of damages against the City, or indirectly through the foreclosure of the bond on which the City is a principal or through the forced sale of property belonging to the City.[1] Because the declaration Linbeck seeks concerns its suit to recover money from the City for past events and the only plausible remedy is an award of money from the City, the trial court did not err in determining that Linbeck's declaratory judgment action is barred by the City's immunity from suit. We overrule Linbeck's fourth issue.

## CONCLUSION

We affirm the trial court's order granting in part the City's plea to the jurisdiction.

---

1. Linbeck states in its reply brief that it seeks "a monetary judgment" against the City but not "a judgment for money damages on the City." For determination of the City's immunity from suit, this is a distinction without a difference.